**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-1800

ANA MARGARITA HERNANDEZ-CABANA, HECTOR ENRIQUE ROMERO,
and ANGELICA MARIA ROMERO-HERNANDEZ,

Petitioners,

v.

MICHAEL MUKASEY, ATTORNEY GENERAL of the UNITED STATES,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Circuit Judge,
Stahl, Senior Circuit Judge,
and Siler,* Senior Circuit Judge.

Damon M. D'Ambrosio, for petitioners.
Peter D. Keisler, Assistant Attorney General, Civil Division,
Anthony Norwood, Senior Litigation Counsel, and Greg D. Mack,
Senior Litigation Counsel, Department of Justice, for respondent.

February 5, 2008

*Of the Sixth Circuit, sitting by designation.

**SILER**, <u>**Senior Circuit Judge**</u>.  Petitioner Ana Margarita Hernandez-Cabana,[1] a native and citizen of Colombia, petitions this court for review of a Board of Immigration Appeals ("BIA") order affirming the immigration judge's ("IJ") denial of her withholding of removal claim.  We deny review for reasons stated hereafter.

## I.

Hernandez-Cabana last entered the United States in May 2000, and the government initiated removal proceedings against her in January 2004.  She conceded removability but applied for withholding of removal.[2]

Hernandez-Cabana began working as an assistant district attorney in Colombia in 1997, and she began receiving threatening telephone calls in April 1999.  She was told that if she did not quit her job, harm would come to her and her family.  The calls continued until June 1999, when she resigned and the calls stopped.  She came to the United States in August 1999 and remained until February 2000, when she returned to Colombia.  She testified that she spent several months in hiding before returning to the United States in May 2000.  When she was in Colombia in 2000, either she or her husband received a threatening phone call.

---

[1] Hernandez-Cabana is the lead petitioner.  Hector Enrique Romero, her husband, and Angelica Maria Romero Hernandez, her minor daughter, maintain derivative claims.

[2] Hernandez-Cabana also applied for asylum and protection under the Convention Against Torture.  Those claims are not before us.

The IJ denied Hernandez-Cabana's withholding claim, relying on Matter of Fuentes, 19 I. & N. Dec. 658, 661 (BIA 1998). He found that although Herndandez-Cabana was almost entirely credible, he did not believe her testimony that either she or her husband received a threat after her resignation. The BIA summarily affirmed and adopted the IJ's decision.

**II.**

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. Stroni v. Gonzales, 454 F.3d 82, 86-87 (1st Cir. 2006) (citing Sulaiman v. Gonzales, 429 F.3d 347, 350 (1st Cir. 2005)). We "review the BIA's additions to the IJ's decision directly." Id. at 87. We review the IJ's findings of fact under the substantial evidence standard, and such findings shall not be overturned unless the record compels reversal. Id. (citing Romilus v. Ashcroft, 385 F.3d 1, 5 (1st Cir. 2004)). We review conclusions of law de novo, "'with appropriate deference to the agency's interpretation of the underlying statute in accordance with administrative law principles.'" Id. (quoting Gailus v. INS, 147 F.3d 34, 43 (1st Cir. 1998)).

The Attorney General should withhold the removal of an alien to a country if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (2006). In a withholding claim

-3-

the alien must "establish a clear probability of persecution." Ang v. Gonzales, 430 F.3d 50, 58 (1st Cir. 2005).

In Fuentes, the BIA held that "the dangers faced by policemen as a result of that status alone are not ones faced on account of race, religion, nationality, membership in a particular social group, or political opinion." 19 I. & N. Dec. at 661. The BIA found that policemen are often attacked because they are "highly visible embodiments of the power of the state." Id.

Hernandez-Cabana argues her employment as an assistant district attorney distinguishes this case from Fuentes. While there may be scenarios where a government official involved in law enforcement should not be precluded from making an asylum or withholding claim, see Abaya v. INS, 2 F. App'x 850, 851 (9th Cir. Jan. 25, 2001) (unpublished) (rejecting a per se rule of ineligiblity based on Fuentes), this is not such a scenario.

In this case, Hernandez-Cabana chose to work as an assistant district attorney, a position that made her a highly visible embodiment of the power of Colombia. See Mediouni v. INS, 314 F.3d 24, 27-28 (1st Cir. 2002). It was Hernandez-Cabana's burden to establish that the threats she received were on account of one of the five enumerated grounds and not because of the nature of her employment. See Ang, 430 F.3d at 58. However, the evidence suggests she received the threats precisely because of her position as an assistant district attorney. Accordingly, the record does

not compel the reversal of the IJ's conclusion that the threats Hernandez-Cabana received were not on account of one of the five enumerated grounds.  See Stroni, 454 F.3d at 87.

Further, Hernandez-Cabana does not argue that she is subjected to persecution because of her status as a former prosecutor.  Such an argument could be more compelling than her argument in this case.  See Mediouni, 314 F.3d at 28 ("In Fuentes, the [BIA] held that status as a former policeman is an immutable characteristic, and that mistreatment resulting from such status could be found to be persecution on account of political opinion or membership in a particular social group.").  In this case, that argument would also fail because the record does not support it. Substantial evidence supports the IJ's conclusion that the threats stopped after Hernandez-Cabana resigned.  Thus, she cannot demonstrate a clear probability of persecution based on her status as a former assistant district attorney.

**III.**

For the forgoing reasons, we affirm the order of the BIA. **Petitions denied.**